Filed 8/21/23  P. v. Muzquiz CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOHN DANIEL MUZQUIZ,<br><br>Defendant and Appellant. | C093087<br><br>(Super. Ct. No. 88534)<br><br>OPINION ON TRANSFER |

This appeal arises from the trial court's denial of defendant John Daniel Muzquiz's petition for resentencing under former Penal Code section 1170.95.  Effective June 30, 2022, the Legislature renumbered former Penal Code section 1170.95 to section 1172.6.  (Stats. 2022, ch. 58, § 10.)  There were no substantive changes to the statute.  Defendant filed his petition under former Penal Code section 1170.95.

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that set forth the relevant procedural history of the case and asked this court to review the record and determine whether any arguable issues on appeal exist.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We dismissed that appeal, but the Supreme Court granted defendant's petition for review and transferred this case back to us with directions to vacate our prior decision and reconsider this case in light of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  We vacated our decision.

1

On April 7, 2023, we notified defendant:  (1) counsel had filed a brief indicating no arguable issues had been identified by counsel; (2) as a case arising from an order denying postconviction relief, defendant was not entitled to counsel or to an independent review of the record; and (3) in accordance with the procedures set forth in *Delgadillo*, defendant had 30 days in which to file a supplemental brief or letter raising any argument he wanted this court to consider.  In addition, we notified defendant if we did not receive a letter or brief within that 30-day period, the court may dismiss the appeal as abandoned. We received mail back from the prison stating, "Return to sender, [defendant] out to court."

We sent a duplicate letter to defendant's current address on May 16, 2023, providing him the same information.  More than 30 days have elapsed since that second notice, and we have received no communication from defendant.

We consider defendant's appeal abandoned and order the appeal dismissed. (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

The appeal is dismissed.

_____
HULL, J.

We concur:

_____
EARL, P. J.

_____
DUARTE, J.

2